**RECEIVED**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

JUN 2 2008

JuN 2 2008 mB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States of America ex rel.

_Hassan Butler #K80816_
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

_Warden Walls_
(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

**(Fill in the following blank _only_ if judgment
attacked imposes a sentence to commence
in the future)**

ATTORNEY GENERAL OF THE STATE OF

_Illinois_
(State where judgment entered)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO: _____
(Supplied by Clerk of this Court)

**08CV 3171**
**JUDGE DARRAH**
**MAGISTRATE JUDGE ASHMAN**

Case Number of State Court Conviction:

_____

### PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: _Cook County Criminal Courts Building_
_2660 S. California CHI, ILL. 60608_

2. Date of judgment of conviction: _September 8th 2000_

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
_Attempted Murder of a police officer_ , _and Attempted armed robbery_

4. Sentence(s) imposed: _45 year and 10 year prison terms to run consecutively_

5. What was your plea? (Check one)     (A) Not guilty     (✗)
                                        (B) Guilty         (  )
                                        (C) Nolo contendere (  )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

_____

**PART I -- TRIAL AND DIRECT REVIEW**

1. Kind of trial: (Check one):        Jury ( )        Judge only (X)

2. Did you testify at trial?    YES ( )        NO    (X)

3. Did you appeal from the conviction or the sentence imposed? YES (X)   NO ( )

   (A)  If you appealed, give the

       (1)  Name of court: *Appellate Court of Illinois, First District*

       (2)  Result: *Denied*

       (3)  Date of ruling: *June 4th 2004*

       (4)  Issues raised: *The state failed to prove beyond a reasonable doubt that Butler knew or should have known that the complainant was a police officer which exposed Butler to an enhanced extended term sentence*

   (B)  If you did not appeal, explain briefly why not:

   _____

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES (X)      NO ( )

   (A)  If yes, give the

       (1)  Result *Denial of Petition for Leave to Appeal filed by appointed appellate counsel*

       (2)  Date of ruling: *October 6th, 2004*

       (3)  Issues raised: *The state failed to prove beyond a reasonable doubt that Butler knew or should have known that the complainant was a police officer which exposed Butler to an enhanced extended term sentence*

   (B)  If no, why not: _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes (X)   No ( )

   If yes, give (A) date of petition: *Feb. 20, 2008*  (B) date *certiorari* was denied: *April 28th 2008*

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

YES (X)   NO ( )

With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

A.   Name of court:   *Circuit Court of Cook County*

B.   Date of filing:   *April 4th 2005*

C.   Issues raised:   *6th + 14th Amendment U.S. Constitutional violations, because of Ineffective assistance of trial counsel, Ineffective assistance of appellate counsel, and judicial misconduct*

D.   Did you receive an evidentiary hearing on your petition?    YES ( )   NO (X)

E.   What was the court's ruling?   *Summary dismissal as frivolous and patently without merit*

F.   Date of court's ruling:   *April 20th 2005*

G.   Did you appeal from the ruling on your petition?    YES ( )   NO (X)

H.   (a) If yes,     (1) what was the result?    _____

                    (2) date of decision:    _____

     (b) If no, explain briefly why not:    *Moot*

I.    Did you appeal, or seek leave to appeal this decision to the highest state court?

     YES (X) NO ( )

     (a) If yes,     (1) what was the result?    *Denied*

                    (2) date of decision:    *November 29th, 2007*

     (b) If no, explain briefly why not:    _____

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?    YES ( )        NO (X)

    A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

        1. Nature of proceeding       _____

        2. Date petition filed         _____

        3. Ruling on the petition      _____

        3. Date of ruling             _____

        4. If you appealed, what was
           the ruling on appeal?       _____

        5. Date of ruling on appeal   _____

        6. If there was a further appeal,
           what was the ruling ?      _____

        7. Date of ruling on appeal   _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?
                YES ( )    NO (X)

    A. If yes, give name of court, case title and case number: _____

_____

    B. Did the court rule on your petition? If so, state

        (1) Ruling: _____

        (2) Date: _____

## 4. WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?

## YES ( )    NO (X)

If yes, explain: _____

_____

## PART III -- PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one _Direct Appeal 6th Amendment + 14th Amendment U.S. Const. violation_
Supporting facts (tell your story briefly without citing cases or law):

_Right to fair and fundamental trial... Trial Court erred in finding the fact that the victim identified himself as a police officer to enhance sentence imposed. Due process of the law under the 14th Amendment was not upheld here, no evidence in the trial records supports a finding that the complainant was able to identify himself as a police officer or that the defendant knew or should have know the complainant to be a police officer beyond any reasonable doubt._

(B) Ground two _Direct Appeal Right to a fair and fundament trial under the 6th Amendment to the U.S.-_
Supporting facts:

_Constitution was violated... Trial Court Erred in imposing a 45 year term on a statute that should only have carried a term of 6-30 years. Trial court failed to prove up extended term facts to support penalty imposed._

5

(C)  Ground three *Post Conviction Petition* *6th Amendment + 14th Amendment U.S. Constitutional violations*
Supporting facts:

Ineffective assistance of trial counsel for not admonishing defendant of the Right to Testify, ect. Ineffectiveness of appellate counsel for failing to raise claims of trial counsels ineffectiveness and judicial misconduct. 14th Amendment Due Process of law violations for Judicial Misconduct by trial court that denied Defendant a Fair + Fundamental Trial + Equal Protection under the Law as the trial court denied this defendant of the Right to Testify at the Pro Se 'Motion for a New Trial' hearing ~~either~~ as discussion of the "Right to Testify" issue began.. (SEE: Exhibit "A" all of Butler's Post Conviction Claims, attached)

(D)  Ground four *Petition for Leave to Appeal* *6th + 14th Amendment U.S. Constitutional Violations*
Supporting facts:

Ineffective assistance of trial counsel for not admonishing defendant of the Right to Testify, ect. Trial counsels failure to ~~~~ object to the trial courts vindictiveness in adding 10 years to the sentence originally accepted in a plea deal penalizing the defendant for preserving the Right to Trial. Post Conviction Counsels failure to competently examine the defendants Pro Se Post Conviction Petition. And the Circuit Courts Failure to address all of the claims in the defendant Pro Se Post Conviction Petition in it's summary dismissal, and MSR term imposed. (SEE: Exhibit "B" all additional claims concerning dismissal of Post Conviction Petition, attached)

2   Have all grounds raised in this petition been presented to the highest court having jurisdiction?
    YES (Y)   NO ( )

3.  If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:

_____

_____

_____

APPENDIX

DEFENDANTS EXHIBIT "A"

ALL CLAIMS RAISED

IN BUTLER'S

PRO SE POST CONVICTION PETITION

Pgs. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11

This petitioner received deficient performances from trial counsel (Lee Carson) and appellate counsel (Justin J. Major) which constituted ineffective assistance of counsel in violation of the 6th Amendment to the United States Constitution and Article 1, Section 8 of the Constitution of the State of Illinois.  This petitioner's case was a "my word against his" situation.  The only evidence that increased this petitioner's sentencing range was the testimony of an off-duty policeman (Willie Newton) who claimed to have said the single word "Police" before he fired three .38 caliber bullets into the neck and arm of this petitioner.  Trial counsel paid a single visit to the Cook County Jail for about an hour but did not discuss any kind of trial strategy, or admonish this petitioner of the Right to Testify.  Trial counsel did not explore the nature of this petitioner's testimony or that of potential witnesses for the defense.  Were it not for the improper inducements of trial counsel, this petitioner would have taken a jury trial, would have testified at that trial and hearing for motion to suppress statement.  This testimony was essential to the defense because this petitioner, co-defendant and the off-duty policeman were the only witnesses to the incident.  This testimony was also important because of the inconsistencies of prior statements and contradictory testimony offered by Key witnesses for the prosecution such as Detective Michael Mc Dermott and Assistant States Attorney Jim Navarre.  This petitioner also suffered Judicial Indiscretion in the courtroom of Judge Lon William Shultz.

2.

*Habeas Corpus Exhibit Pg. 1*

## TRIAL COUNSEL

1) Trial counsel was ineffective for threatening to with-
draw from the case if this petitioner testified when he stated:
"If you want to testify, you're on your own."

2) Trial counsel was ineffective for not informing this
petitioner that it was my Right to Testify, with or without
counsel's consent; Trial counsel also failed to inform this
petitioner that it was my right to testify in a narrative.

3) Trial counsel was ineffective for not allowing this
petitioner to testify when (ASA) Jim Navarre admitted on cross
examination that he had omitted key information from his hand-
written statement of the interview with this petitioner.
(Pg. CC-95, 96 of the transcripts.)

4) Trial counsel was ineffective for not allowing this
petitioner to testify when Detective Mc Dermott knowingly pro-
vided false testimony about the conversation we had about the
sequence of the shooting prior to being interviewed by (ASA)
Navarre. (Pg. CC-105 to CC-109) (CC-116 to 119)

5) Trial counsel was ineffective for not allowing this
petitioner the chance to refute Willie Newton's testimony
which greatly contradicted the statements taken from him by
various officers at the time of the incident:

A) Willie Newton testified on direct testimony that:
"The defendant came from his neighbors bushes... the defendant
approached from the front of his car... the defendant fired
first, and that he (Newton) said 'Police' before he fired his
weapon. (CC-12 to 15) (CC-20, 21)

3.

*Habeas Corpus*
*H.C.T.E. Pg. 2*

B) The accounts Mr. Newton gave to officers on the scene the morning of the incident, and later at the hospital stated that: "he observed the defendant running northbound up the street... the defendant accosted him from behind... that he and the defendant fired simultaneously... and that he announced his office in the course of the exchange of gunfire. (CC-38 to CC-47)

6) Trial counsel was ineffective when he failed to present "all" of the police reports of the prior inconsistent statements made by Mr. Newton as exhibits for the defense, and provide copies of these memorialized accounts when Mr. Newton claimed to not recall making these conflicting statements. (CC#46)

7) Trial counsel failed to effectively cross examine Willie Newton when Mr. Newton made the first ever mention that he was waiting for the defendant to put his weapon down. (CC-47 to CC-49)

A) Trial counsel should next have asked Mr. Newton why had he not mentioned this beforehand.

B) The Trier of Fact repeatedly referred to this "New" information during this petitioner's sentencing phase. (CC-149); (FF-39)

8) Trial counsel was ineffective for not calling this petitioner's co-defendant to the witness stand despite being one of only three eyewitnesses to the incident.  My co-defendant could have testified that:

A) This petitioner was attempting to leave when Mr. Newton shot me in the neck.

B) At 3:00 A.M., the street was empty and silent enough for him to hear every word spoken.

4.

*Habeas Corpus Pg. 3*

C) Although he had not exited the vehicle, with windows down, he was close enough to the encounter to know that Willie Newton never said "police" or any other word before he spun around and shot this petitioner.

9) Trial counsel was ineffective for not objecting to the testimony of Houston King and Rashaun Hendon. Both witnesses in aggravation from charges that this petitioner was never prosecuted for. (EE-20), (FF-3)

10) Trial counsel was ineffective for not objecting to the Court's consideration of juvenile misdemeanor charges as an aggravating factor during this petitioner's sentencing. (FF-39)


### APPELLATE COUNSEL

11) Appellate Counsel was ineffective for not raising ineffective assistance of trial counsel for the aforementioned reasons stated in this petition.

12) Appellate counsel was ineffective for not raising the issue of this petitioner not being admonshed of the "Right to Testify" despite the letters and the telephone call when I told him that I was never made aware of this right.

A) This petitioner sent appellate counsel an argument on yellow legal paper which outlined the indiscretions of the Court and the ineffectiveness of trial counsel for not admonishing me of the Right to Testify.

B) Over the telephone, appellate counsel confirmed that trial counsel should have informed this petitioner of the Right to Testify and that the Court had improperly conducted the Pro se Motion for New Trial hearing.

5.

*Habeas Corpus Pg. 4*

C) After receiving a copy of the brief filed by appellate counsel, I found that he had erroneously neglected to raise any of the issues raised throughout this petition, so I wrote another letter.

D) Appellate counsel then sent me the copy of a case which stated that the Court is not obligated to admonish a defendant of theRight to Testify, although this petitioner was not aware of the case, it does not detract from the letters, notes, or the telephone call in which I implicitly told appellate counsel that I was never made aware of the Right to Testify in my own behalf.

E) Once I understood that appellate counsel would not even acknowledge the yellow legal pad notes, I understood that he, for whatever reasons,was purposely avoiding the issues therein. Once I became more adamant about these issues, appellate counsel refrained from responding to my letters altogether.

13) Appellate counsel was ineffective for not pursuing a reduction of my sentence despite the fact that this petitioner had previously submitted a reduction of sentence petition which was erroneously denied as being untimely by the court. (GG-3)

A) The motion was held for weeks in the mailroom of the Stateville Correctional Center without this petitioner's knowledge.

B) This petitioner was repeatedly miss-directed by the Clerk of the Court of Cook County, Dorothy Brown's Office about the status of the motion, therefore I was unable to submit a motion for reconsideration.

C) Appellate counsel was aware of an affidavit that this petitioner obtained from a Stateville Correctional Officer which indicates that Stateville was in possession of the motion before the deadline had passed.

6.

Habeas Corpus Pg.5

D) This petitioner was assured by the Circuit Court Judge that the appointed appellate counsel would assist me in filing motions for both the finding of guilty and sentence imposed. (FF-41)


## JUDICIAL INDISCRETION


This petitioner was denied a fair trial as the Court gave no consideration to the major inconsistencies of prior statements and omissions made by Assistant State's Attorney Jim Navarre, Detective Michael Mc Dermott, and off-duty policeman Willie Newton on direct and cross examinations.  This petitioner was denied Due Process of Law as guaranteed by the 14th Amendment to the United States Constitution and Article 1, Section 2 of the Constitution of the State of Illinois as the Trier of Fact (Judge Lon William Shultz) showed bias and disregard for any evidence other than the fact that this petitioner's case involved an off-duty police officer.


In support of this, the petitioner states as follows:

14) The Court showed bias when on the first day that trial was set to begin, the Trier of Fact shouted in open court that this petitioner's case was "cursed" since the time it's been on call. (BB-4 of the transcripts.)

A) This declaration was made by the Court a day after a jury waiver had been submitted because trial counsel was taken ill, through no fault of this petitioner's.

*Habeas Corpus Pg.6*

7.

B) This petitioner's case was initially set before Judge Leo Holt of Markham Courthouse only to be transferred and placed before Judge Lon William Shultz of Cook County for an unspecified reason and without this petitioner's consent or request for a change of venue.

C) This petitioner found out later that Judge Holt had also been moved to Cook County and that this petitioner's case would not be replaced in Judge Holt's courtroom.

15) The Court was aware that off-duty policeman (Willie Newton) offered testimony that greatly contradicted the prior statements taken from him by various officers at the time of the incident.

A) Willie Newton testified on direct testimony that: "The defendant came from his neighbors bushes... the defendant approached from the front of his car... the defendant fired first, and that he (Newton) said 'Police' before firing his weapon. (CC-12 to 15), (CC-20,21)

B) The accounts Willie Newton gave to officer on the scene the morning of the incident, and later at the hospital stated that: "He observed the defendant running northbound on his street... the defendant approached him from behind... he and the defendant fired simultaneously... and that he announced his office in the course of the exchange of gunfire. (CC-38 to CC-47)

C) Mr. Newton also testified on cross examination that he said the single word "Police" in the same tone in which he was testifying (a conversational tone). Yet, the Court still erroneously found that this petitioner knew or should have known Mr. Newton was a policeman.

8.

*Habeas Corpus . Pg. 7*

16) The Court was aware that Detective Mc Dermott had know-ingly provided false testimony on direct examination, and again on cross when Det. Mc Dermott stated that the first time he had heard this petitioner mention that Willie Newton fired first was when this petitioner "upon review of the statement" request ed that (ASA) Jim Navarre make changes in the portion that de-tailed the shooting.  This testimony was disproved by the detec-tives own closing report. (CC-105 to 109), (CC-116 to 119)

17) The Court conceded that this petitioner was being truth ful during the original conversation (oral statement) with Detective Mc Dermott when I told the detective that Willie Newton shot me first, and that I then returned fire.  Yet, the Court still erroneously found this petitioner guilty of all counts. (CC-135, 136)

18) The Court conceded that it found the portion of (ASA) Jim Navarre's statement which detailed the sequence leading up to the shooting as untruthful.  Yet, the Court still erroneously found this petitioner guilty of all counts. (CC-135, 136)

A) The Court was aware of Det. Mc Dermott's direct tes-timony that during the second conversation (oral statement) which included (ASA) Jim Navarre, that this petitioner told (ASA) Navarre the same details about the shooting, which were: "The man (Newton) produced a handgun and shot this petitioner, and that this petitioner then returned fire" as indicated in Det. Mc Dermott's closing report which was memorialized before (ASA) Navarre ever arrived. (CC-107), (CC-116 to CC-119)

B) The Court was also aware that (ASA) Navarre admitted on cross examination that he had not included in his handwritten statement the fact that this petitioner denied knowing that Willie Newton was a police officer. (CC-95, 96)

9.

*Habeas Corpus Pg. 8*

19) The Court denied this petitioner Due Process of Law when at the Pro se Motion for New Trial, the Court ignored my raised hand, therefore not allowing this petitioner a chance to refute trial counsel's claim that he had discussed with me the Right to Testify. (EE-10)

20) The Court accepted a cryptic and vague answer "which did not amount to a denial" when it asked trial counsel if it was this petitioner's "choice" not to testify. (EE-10)

21) The Court did not allow trial counsel to answer "in his own words" when it asked if trial counsel had threatened this petitioner about testifying.  Instead, the Trier of Fact intentionally directed trial counsel to answers during the inquiry which negated the issues raised by this petitioner. (EE-10)

22) The Court was erroneous when it afforded this petitioner only three chances to speak at the continuance of my "Motion for New Trial hearing."  Twice at the very beginning, before discussion had really began, and once more as the "bench trial issue" was being reiterated. (EE-3, 4); (EE-8)

    A) The Court had already deemed the "bench trial versus jury trial issue" raised in the Pro se Motion for New Trial as frivolous at the original hearing for the motion. (DD-6)

    B) The Court gave reasons why it felt that the entire motion was "hindsight" without having fully investigated the issues therein. (DD-9)

    C) The Court then continued the hearing for the sole purpose of checking to see if this petitioner had "of record" been admonished of the Right to Testify, and to review tran-

10.

*Habeas Corpus Pg. 9*

scripts to see if the Trier of Fact had "personally" dis-
cussed the Right to Testify with this petitioner. (DD-9)

23) The Trier of Fact was manifestly erroneous when it
considered the testimony of Houston King and Rashaun Hendon as
aggravating factors during the sentencing phase, despite the
fact that this petitioner was not prosecuted for their charges.
(FF-39)

24) The Court showed bias toward this petitioner when it
declared that it was "Easy" to sentence certain people to
lengthy penitentiary sentences, and then implied in a light-
hearted manner that this petitioner was one of those people.
(FF-34)

25) The Court erroneously penalized this petitioner for
preserving the Right to Trial when it increased this petition-
er's sentence to ten years more than the original sentence
which was initially accepted in a plea deal. (Q-12, 13)

26) The Court conceded that it did not know the chronology
of the offense that this petitioner was convicted of, and the
alleged offense that this petitioner was not even prosecuted
for.   Yet, the Court erroneously proceeded on the "assumption
of guilt" and increased the sentence which was originally offer
ed without a full understanding of all legitimate mitigating
and aggravating factors. (FF-36, 37)

27) The Court declared that it had no expectation that this
petitioner could be rehabilitated after it erroneously consider-
ed a juvenile misdemeanor background as an aggravating factor
during sentencing. (FF-39)

11.

*Habeas Corpus Pg. 10*

**NOTE:** This petitioner's co-defendant could not be reached for the purpose of attaining an affidavit at the time this petition was submitted because Menard Correctional Center's Caseworker, Richard Martin, has yet to get clearance for this petitioner and co-defendant to correspond in legal relations.   This petitioner and co-defendant are both incarcerated in separate penal institutions.

A-2.

*Habeas Corpus Pg. 11*

APPENDIX

DEFENDANTS EXHIBIT "B"

"ADDITIONAL" CLAIMS RAISED

IN BUTLERS "PROSE"

PETITION FOR LEAVE TO APPEAL

Pgs: 1,2,3,4,5,6,7,8

CLAIM I

C) TRIAL COUNSEL WAS INEFFECTIVE FOR NOT OBJECTING TO THE TRIAL COURTS VINDICTIVENESS IN ADDING TEN YEARS TO THE PETITIONERS SENTENCE FOR EXCERCISING THE RIGHT TO TRIAL AFTER WITHDRAWING THE PLEA OF GUILTY

Here the petitioner contends that trial counsel provided a deficient performance during sentencing in not objecting to the trial courts retaliatory action against the petitioner in adding ten additional years to the petitioners originally accepted sentence.

The trial counsels inaction caused the petitioner great prejudice as the trial court was prejudicially motivated in sentencing the petitioner to fifty-five years after the petitioner decided to with- draw the negotiated plea bargain of forty five years, and where the petitioners charges; and the petitioners conduct had not warranted the harsher sentence. People v Love, Cite as 93 Ill. Dec. 802, 486 N.E. 2d 1337 (Ill. App. 1 Dist. 1985)

If the petitioner had not recieved deficient performance from trial counsel in not objecting to the trial court's improper increase of the sentence originally imposed, there is a reasonable possibility that the outcome of the petitioner's sentencing would have been different. Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).

Because the trial counsel failed to object to the trial courts unconstitution increase of the petitioners sentence, his performance fell well below the reasonable standards of competent representation, ~~and caused this petitioner great prejudice~~ and ~~violation of the right to due process~~ and caused the petitioner to suffer great prejudice. (see Exhibit-C, for trial court sentencing) 04 (see also, Exhibit F, for plea of guilty Tr. transcript pgs. 0-12, and 0-13)

CONCLUSION

Because trial counsel failed to object to the ~~additional~~ 10 years added to the petitioners original sentence, trial counsel was indeed ineffective.

WHEREFORE, Hassan Butler, petitioner, prose, humbly requests that this Honorable Court grant Leave to Appeal and any relief deemed appropriate, including a reversal of the appellate courts decision. Federal Habeas corpus pg. 1

CLAIM III

A) TRIAL COURT ABUSED ITS DISCRETION IN ITS FIRST STAGE SUMMARY DISMISSAL
OF PETITIONERS POST CONVICTION PETITION IN FAILING TO ADDRESS THE
PETITIONERS CLAIM THAT TRIAL COUNSEL NEVER ADMONISHED THE PETITIONER
OF HIS RIGHT TO TESTIFY

Here the petitioner contends that the trial court improperly ordered the first
stage summary dismissal of petitioners post conviction petition, in that, the trial
court **did not even address the petitioners claim** that trial counsel did not
admonish the petitioner of the right to testify with or without trial counsels consent,
or the right to testify in a narrative ... People v. Nix, Cite as 103 Ill. Dec. 508, 501 N.E.
2d 825 (Ill. App. 3 Dist. 1986)... People v. Ford, (3rd Dist., 1981), 99 Ill. 3d 973, 55 Ill. Dec.
365, 426 N.E. 2d 340.

Although the "admonishment claim" could not be supported by the record, the trial
court was aware that the second issue in the petitioners post conviction petition clearly
indicated that the petitioner had not been admonished of the right to testify by trial
counsel. The trial court was also aware that the petitioner repeatedly asserted the
prejudice which resulted from trial counsels ineffectiveness in this regard throughout
the petition.

Because the trial court failed to even **acknowledge** the petitioner claim of not
being admonished of the right to testify in its ~~said~~ **order** dismissing the petitioners
post conviction petition as 'frivolous and patently without merit', the abuse of
discretion severly prejudiced the petitioner and clearly violated the petitioners
right to due process.

CONCLUSION

Trial court was erroneous in failing to address <u>all</u> of the claims in the petitioners
pro se post conviction petition ... People v. Rivera 763 N.E. 2d 306, 308 (Ill. 2001)
(non capital case). ~~Had the trial court examined all of the petitioners claims in his pro
se post conviction petition, it would have found that the petition presented~~

WHEREFORE, Hassan Butler, petitioner, pro se humbly requests that this Honorable Court
grant Leave to Appeal and any relief deemed appropriate, including a reversal of the appellate
courts decisions.

Federal Habeas Corpus

Pg. 2

## CLAIM III

**B)** TRIAL COURT MISCONSTRUED THE PETITIONERS PRO SE POST CONVICTION PETITIONS CLAIMS OF NOT BEING ALLOWED TO TESTIFY UPON CONTEMPORANEOUS ASSERTION CAUSING THE TRIAL COURT TO ERRONEOUSLY RULE AGAINST THE PETITIONERS CLAIM

Here the petitioner contends that the trial court misinterpreted petitioners (claims) of being prevented from testifying by trial counsel. In trial courts 'order' dismissing the petitioners post conviction petition, the trial court implied that the petitioner did not indicate the pro sé petition that he had contemporaneously asserted the desire to testify to trial counsel. The trial court even cited cases, of which, it though were similar to the petitioner's.

However, the trial court misinterpreted the petitioners contentions, as the petitioner specified several **different** occaisions where he asserted the desire to testify to trial counsel: "during complainant Willie Newton's testimony," during Assistant States Attorney James Navarres testimony, and during Detective Michael McDermotts testimony, and even in the petitions opening statement where the petitioner indicated being prevented from testifying during the "Motion to Suppress Statements."

It is this petitioners belief that the trial court failed to properly examine the petitioners pro se post conviction petition. The trial court failed to indicate that it was even ~~aware of~~ **aware** of some of the pro sé petitions claims, as certain contentions by this petitioner went ~~unaddressed~~ "unaddressed" in the trial courts order which deemed the entire petition as frivolous and patently without merit... People V. Rivera 763 N.E. 2d 306, 308 (Ill. 2001) (non capital case). People v. Montgomery, 763 N.E. 2d 369, 376 (Ill. App. Ct. 1st Dist 2001)

Trial courts failure to acknowledge or properly interpret the pro sé post conviction petition Claims so prejudiced the petitioner that the right to due process was severly violated

(See Exhibit-**D** For trial courts mistaken interpretation of the petitioners to "Contemporaneous testifying claim")
Trial Court **Order** pgs. **5** and **6**

(see Also, Exhibit **B** For petitioners "actual" assertions, Post conviction petition pg s. 2 and 3 ) *Note*: Pg 3, claims **3, 4, 5.**

### CONCLUSION

The trial court ruled against the petitioners claims ~~without fully~~ **incorrectly** ~~addressing~~

WHEREFORE, Hassan Butler, petitioner, prose humbly requests this Honorable Court grant Leave to Appeal and any relief deemed appropriate, including a reversal of the appellate courts decisions.   *Pg 3 Habeas Corpus*

CLAIM III

D) THE TRIER OF FACT FAILED TO ADMONISH THE PETITIONER THAT
IT ADDED THREE YEARS OF MANDATORY SUPERVISED RELEASE (MSR)
TO THE SENTENCE IMPOSED

Here the petitioner contends that the trial courts decision to add the
statutorily required, three (3) year mandatory supervised release (MSR) term
to the defendants sentence of fifty-five (55) years, without admonishment
violated the petitioners right to due process and fundamental fairness...
People v. Whitfield Cite as 298 Ill. Dec. 545, 840 N.E. 2d 658 (Ill. 2005). In (Whitfield)
his twenty-five (25) year sentence is modified to a term of twenty-two (22) years
imprisonment, to be followed by the mandatory three (3)-year term of supervised
release, because, at no time did the prosecutor or the court advise the defendant
that, pursuant to section 5-8-1 (d)(1) of the Unified Code of Corrections (the Code)
(730 ILCS 5/5-8-1 (d)(1) (West 1998) he would be subject to a three-year
period of mandatory supervised release (MSR) following his 25-year sentence
for murder.²

Also, in People v Whitfield 840 N.E. 2d 658, the following is contained:
1. The order of sentence and commitment found in the record also shows that
defendant was sentenced on the murder count to "(25) Twenty Five Years IDOC".
The sentencing order makes no reference to the three-year mandatory supervised
release term required by law.

Habeas Corpus Pg. 4

2. Section 5-8-1 (d) (1) of the Code provides:

"Except where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment. For those sentenced under the law in effect prior to February 1, 1978, such term shall be identified as a parole term. For those sentenced on or after February 1, 1978, such term shall be identified as a mandatory supervised release term. Subject to earlier termination under Section 3-3-8 [730 ILCS 5/3-3-8], the parole or mandatory supervised release term shall be as follows:

(1) for first degree murder or a Class X felony, 3 years."

This petitioner has, as recently as May 2007, been notified by Western Correctional Center counselor, Ms. Redshaw, that an (MSR) term has been added to the petitioners sentence.

Because the trial court failed to admonish the petitioner that a three (3) year (MSR) term would be added to the terms of imprisonment, the integrity of the sentence imposed, fundamental fairness and the right to due process were surely violated. Therefore, ~~this petitioner asks that this Honorable Court afford him the benefit of modifying the petitioners sentence to a term of fifty five years, inclusive of the three (3) year (MSR) term.~~ (See, Exhibit C for sentencing)

### CONCLUSION

This petitioner was never made aware of the three year mandatory supervised release term added to his sentence of 55 years during the sentencing hearing by the trial court.

Wherefore, Hassan Butler, petitioner, pro se, humbly requests that this Honorable Court grant Leave to Appeal and any relief deemed appropriate including modifying the petitioners 55 year sentence inclusive of the three year (MSR) term.

Habeas Corpus

Pg.⁵ᵗʰ

Pg.5

## CLAIM IV

### A) POSTCONVICTION COUNSEL FAILED TO PROVIDE ANY ASSISTANCE IN THE PETITIONERS PRO SE POST CONVICTION PETITION CAUSES

Here the petitioner contends that post conviction counsel (Pamela Rubeo) made no effort to assist the petitioner in submitting an adequate presentation of the contentions in his pro sé post conviction petition, and that post conviction counsels conduct was in conflict with Illinois Supreme Court Rule 651(c), as the petitioner is indigent and could not afford the services of private counsel in proffessionally drafting a post conviction petition or in amending the petitioners claims... People v. Turner, 719 N.E.2d 725, 729-30 (Ill. 1999) (capital case).

Instead, post conviction counsel, Pamela Rubeo filed a "Motion to Withdraw as Counsel on Appeal", wherein, she mainly indicated in part, that the circuit court was justified in its first stage summary dismissal because the petitioner failed to attach trial transcript documentation to support his claims, or an affidavit from his co-defendant — a purported witness.

The petitioner informed Ms. Rubeo that he was instructed by Menard Correctional Center law clerk Herman Williams #B-56786 that, "Trial transcript pages did not need to be attached, as exhibits', to the petitioners post conviction petition, but that they must be properly cited in the arguments". The petitioner had no reason to doubt these instructions as Menard Correctional Center's official paralegal staff employee (K. Shorn) referred me to to the said law clerk and assured me that his instructions were legitimate.

Habeas Corpus Pg. 6

This petitioner informed Ms. Rubeo of his difficulties in obtaining discovery materials, (police reports, ect.) and asked for Ms. Rubeo's help in obtaining an affidavit from co-defendant (Calvin Brown) due to the complications of institutional regulations regaurding inmate correspondence, as he too, is incarcerated. The petitioner also asked Ms. Rubeo if it would be necessary to try to obtain an affidavit from the inmate law clerk, attesting to all of the instructions he had given. During this time, Ms. Rubeo responded to the petitioner in letters, indicating in part, that she could not help this petitioner due to budget constraints.

Subsequentle, the appellate court allowed Ms. Rubeo's Motion to Withdraw as Counsel on Appeal, despite the fact that the petitioner's pro sé post conviction petition would have survived 'first stage summary dismissal' by simply amending the petition with trial transcript documentation and an affidavit by the petitioner co-defendant

Further, Pamela Rubeo failed to competently ascertain the claims in the petitioners pro sé post conviction petition, as she misstated several of the petitions more significant claims in her Motion to Withdraw as Counsel on Appeal. For example, — in the portion of Ms. Rubeos "statement of facts" regaurding "POST CONVICTION PROCEEDINGS" she indicated that the petitioner claimed in his pro sé post conviction petition that: "the **trial court** erred by not informing the petitioner of the right to testify". However, the petitioners actual claim was of **trial counsels** failure to inform the petitioner of the right to testify.

Habeas Corpus Pg. #7

Ms. Rubeo possibly confused this issue with the petitioners "somewhat similar claim" of not being being allowed to refute trial counsel 'first ever claim' of having discussed the right to testify with the petitioner. This claim is located in the 'Judicial Indescretion' portion of the pro sé post conviction petition.

Either way, it is clear that Ms. Rubeo did not even thoroughly examine the petitioners claims; had she done so, she may have found that the petitioner met the "gist" standard regaurding claims of constitutional violations As it stood And there would have been a reasonable possibility that the outcome of the petitioners appeal would have been different. As it stood, the post conviction counsel failed to contact the petitioners co-defendant although he is specified as a potential Key" witness for the petitioner, and his purported testimony is indicated in the pro se post conviction petition.

· It is clear from Pamela Rubeo's mistatement of one of the petitioners key claims; her failure to investige a potential witness and inability to reasonably assist the petitioner in any saproffessional capacity, that her performance fell below the standards of competent counsel... People v. Johnson 609 N.E. 2d 304, 311 (Ill. 1993)(capital case). See, Exhibit-G (for Rubeos Motion to withdraw, and misstatement of the petitioners claims Pg. 5) See, also, Exhibit-B (for the petitioners actual claims on the lack of admonishment) See, also, Exhibit-B (for petitioner's claim of trial courts refusal to let petitioner refute trial counsels claims). See, also, Exhibit-H (for Pamela Rubeos letters ; NOTE, Exhibit-B (The petitioners actual claims on the lack of admonishment is in his pro sé post conviction petition.. Pg. 3, claim 2.) Also, NOTE: (the petitioners claim of trial courts refusal to let petitioner refute trial counsels claim is in his pro se post conviction petition, Pg. 10, claim 19).

## CONCLUSION

Post conviction counsel failure to reasonably assist the petitioner indicates clearly deficient performance.

Wherefore, Hassan Butler, pro se, petitioner, humbly requests that this Honorable Court grant Leave to Appeal and any relief deemed appropriate, including reversal of the appellate courts decisions.
        Habeas Corpus    Pg. #8

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing *UnKnown*

(B) At arraignment and plea *Lee Carson  Cook County Public Defenders Office*

(C) At trial *Lee Carson Cook County Public Defenders Office*

(D) At sentencing *Lee Corson Cook County Public Defenders Office*

(E) On appeal *Justin J. Major Office Of The State Appellate Defender*

(F) In any post-conviction proceeding *Pamela Rubeo Office Of The State Appellate Defender*

(G) Other (state): _____

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES (   )   NO (   )

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: *5-27-08*
____(Date)____              _____
                           Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_____
(Signature of petitioner)

*K30816*
(I.D. Number)
*Western Corrections Center*
(Address)
*2500 Rt. 99 South*
*Mt. Sterling Illinois 62353*

REVISED 01/01/2003

IN THE

_Hassan Butler_                         UNITED STATES DISTRICT COURT
                                        NORTHERN DISTRICT OF ILLINOIS

Plaintiff,                              )
                                        )
                                        )    Case No. _____
              v.                        )
      _Warden Walls_                    )
                                        )
                                        )
Defendant                               )

## PROOF/CERTIFICATE OF SERVICE

TO: _Michael W. Dobbins_                    TO:
                                            _Lisa Madigan_
_Clerk of the United States District Court_ _Attorney General_
_Prisoner Correspondence_                   _100 W. Randolph St._
_219 South Dearborn Street_                 _Chicago Il. 60601_
_Chicago Illinois 60604_

PLEASE TAKE NOTICE that on ___5-27-08___, 20_08_, I have placed the
documents listed below in the institutional mail at _Western_____ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: _____

_1- original and 3 copies of the Petition for Writ of Habeas Corpus, 1 original and 3 copies_
_of a Motion for Appointment of Counsel and In Forma Pauperis Application and Financial Statemets._


Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: ___5/27/08___

                              /s/ _Hassan Butler_
                              NAME: _Hassan Butler_
                              IDOC#: _K80816_
                              _Wester_____ Correctional Center
                              P.O. BOX _196_
                              _Mt. Sterling_, IL _62353_



Revised Jan 2002