FILED
AUG 2 5 2008
AUG 25 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. HASSAN BUTLER, Petitioner v. J.R. WALLS, Warden Western Illinois Correctional Center, Respondent | No. 08 C 3171 The Honorable John W. Darrah, Judge Presiding |

## PETITIONERS RESPONSE TO ATTORNEY GENERALS ANSWER

(1)

## ARGUMENT

IN RESPONSE TO THE ATTORNEY GENERALS ASSESSMENT OF THE FACTS AEDPA REQUIRES A DEFERENTIAL STANDARD OF REVIEW

The petitioner respects the standards of the AEDPA. Clearly, all facts in this case should be heard, and all of the gaurantees of the Bill of Rights in the United States Constitution for a natural born citizen should always be enforced.

I am a U.S. citizen, I am not a terrorist. I am gauranteed these Constitutional Rights as a natural born U.S. citizen. All arguments must be viewed under the light most favorable to Constitutional Law, and all of these Rights should apply to this case being argued now before this Honorable Court.

The petitioner understands that his claims are governed by 28 U.S.C. § 2254(d), and is compelled to present his facts before this Honorable Court because the state court decisions involve 'objectionably, unreasonable' applications of federal law within the meaning of section 2254(d)(1), and not merely erroneous or incorrect applications. See discussions in: Williams v. Taylor 529 U.S. 362, 412, 413. (2000) Id. at 410.

When the Att. Gen. argues that these facts do not apply to Constitutional Law, the petitioner strongly objects. The 6th Amendment to the U.S. Constitution strongly supports the petitioners Right to a

(2)

Fair and Fundamental Trial. The 14th Amendment applies this fact to all states and their trials must be held with Due Process and Equal Protection of the Law.

Again, with respect for the threshold necessary to prevail under AEDPA the petitioner presents clear and convincing evidence that the state appellate court determination was wrong. See discussions in: Montgomery v. Uchtman, 426 F. 3d 905, 912 (7th Cir. 2005). Every argument now before this Honorable Court is backed and surrounded by the 6th and 14th Amendments

### 14th AMENDMENT OF THE UNITED STATES CONSTITUTION

In Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S.Ct 2348 (2000), the U.S. Supreme Court set down the standard on the Due Process of the Law requirements for imposing an extended term sentence. The same facts prevail in this case at bar. The stiffer penalty imposed was not supported by the evidence presented by the prosecution. The Att. Gen. erred in its assessment of the law.

(3)

## THE ATTORNEY GENERALS ASSERTION THAT SUFFICIENT EVIDENCE ESTABLISHED THAT THE PETITIONER KNEW THE VICTIM WAS A POLICE OFFICER IS WRONG

The evidence did not support the fact that the petitioner knew that the victim was a police officer. The Attorney Generals interpretation of the evidence is askew and the facts stated by the Attorney General are not supported by court record. The petitioner now points to facts from the record for this Honorable Court to review:

The victims testimony that he said the single word "police" is the only evidence used to prove that the petitioner knew he was a police officer. Under cross examination the victim claimed to have said this word "police" in a conversational tone.

Under cross examination Willie Newton was asked the following questions and gave the following answers:

Q: Now, could you describe for the court how you said police; did you yell it?
A: I said police.
Q: Just in the same kind of tone of voice you're stating now?
A: Thats correct.

[Tr. Transcript pg. CC-47]

(4)

The victim also admitted to telling officers on the scene that he said the word police "during" an exchange of gunfire with the petitioner. [CC-41,42] This exchange of gunfire was described by the states witness as being 3 to 5 gunshots in close succession to each other. [CC-52]

The petitioner strongly objects to the Att. Gen's assertion that sufficient evidence established that he knew the victim was a police officer. The Assistant States Attorney in this case even admitted to omitting the fact that the petitioner denied knowing the victim was a police officer from his handwritten statement. [CC-95]

This unlawful conviction causes the petitioner to serve an extended term sentence not supported by the prosecutions evidence, and be deprived his life, liberty and the pursuit of happiness for an extended period of time not supported by law.

The court record contains clear and convincing evidence that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. See discussions in: Jackson v. Virginia, 443 U.S. 307, 324 (1979). The petitioner has clearly shown that the state courts application of law in this case at bar is "objectionably unreasonable" as he suffered the violation of his 14th Amendment Right to a Fair and Fundamental Trial under U.S. Constitutional Law.

Therefore, this Honorable Court in its years of vast experience in these matters should grant an evidentiary hearing or any relief deemed appropriate.

(5)

THE ATTORNEY GENERALS ASSERTION THAT THE PETITIONERS CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL SHOULD BE DENIED IS WRONG

STRICKLAND should be applied in the claim of trial counsels ineffectiveness. The two pronged standard established by the United States Supreme Court in Strickland vs. Washington 466 U.S. 668 (1984) was met by this petitioner in the case at bar. Cause and prejudice are a matter of the court record. The petitioner now argues these points for this Honorable Courts review.

CAUSE:

A) Trial counsel did not admonish the petitioner of the Right to testify in his own defense, and this omission deprived the petitioner of the ability to make an informed decision on how he would proceed at trial.

B) Trial counsel threatened to withdraw as counsel because the petitioner wanted to testify. During a visit from trial counsel at the county jail the petitioner told trial counsel that he needed to testify at trial because the victim was a police officer in a "your word against mine" case. Trial counsel in a beligerent manner then stated. "Look, your not gonna testify. This defense is gonna go my way or no way at all". The petitioner again stated his desire to testify, and was then met with increased hostility as trial counsel stated. "Then I won't

(6)

defend you. If you want to testify, you're on your own. I've got other cases to tend to". The petitioner felt forced to submit at once, but continued to assert his desire his desire to testify, at pre-trial hearings and contemporaneously during trial as the states key witnesses testified and before the defense rested. On each occaision however the petitioner was intimidated and threatened into silence.

PREJUDICE:

The petitioner is found guilty and now serves an extended term of incarceration not supported by the evidence presented at trial. The resulting prejudice from trial counsels actions places the petitioner to be denied life, liberty, and the pursuit of happiness for an extended period of time not supported by law.

Regaurding the first prong of STRICKLAND, the claims raised by the petitioner prove beyond doubt that trial counsels performance fell short of the proffessional standards required here. No trial strategy can be deemed appropriate when it denies a defendant his Right to Testify.

The state courts error in its application of STRICKLAND VS. WASHINGTON is 'objectively unreasonable' as the state court in their briefs have at no time even addressed the petitioners claims of 'Trial counsels ineffectiveness for not admonishing the petitioner of the Right to Testify"

(7)

or 'Trial counsels ineffectiveness for threatening to withdraw because the petitioner wanted to testify'. This is evidenced in the summary dismissal of the petitioners 'post conviction petition' as the state court made no mention of these claims in the opinion written. See [Circuit Court 'Order' of summary dismissal]

## RIGHT TO TESTIFY

This fundamental Right gauranteed under the 6th Amendment of the U.S. Constitution was denied this petitioner. The Att. Gen. has determined the facts in this case in error as its argument is not based on the facts in the case. The petitioner has strongly shown counsels acts of intimidation and threats denied him this basic fundamental Right gauranteed to each citizen.

A criminal defendant has a Constitutional Right to Testify on his own behalf. See: Rock v. Arkansas 483 U.S. 44, 49-53, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987); Morgan v. Krenke, 232 F.3d 562, 569 (7th Cir. 2000). The right to take the stand in one's own behalf is personal to the defend, which means it can only be waived by the defendant himself, and not by his counsel. See: Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Moreover, because the defendants Right to Testify is a Fundamental Constitutional Right "essential to due process of law in a fair adversary process", ROCK, 483 U.S. at 51, 107 S.Ct. 2704. See also Poe v. United States 233 F.Supp. 173 (1964).

This case is a 'Mexican Standoff'. Counsel denies threatening to withdraw if I excercised my Right to Testify in my own defense. This Honorable Court has years of experience in determining the truth in matters before it. Therefore an evidentiary hearing is required and the testimony of both parties must be presented before this Honorable Court and the Honorable Court through its vast experience in these matters must determine where the truth lies.

"THE ATTORNEY GENERALS ASSERTION THAT THE PETITIONER FAILED TO ESTABLISH THAT THE STATE COURT WAS UNREASONABLE IN REJECTING THE CLAIM THAT APPELLATE COUNSEL WAS INEFFECTIVE IS WRONG.

STRICKLAND should be applied in the petitioners claim of ineffective assistance of appellate counsel. The two pronged standard established by the United States Supreme Court in Strickland vs. Washington 466 U.S. 668 (1984) was met by the petitioner in the case at bar. Matters of 'cause and prejudice' are evidenced in the record and should have been raised by appellate counsel. The petitioner now points out some of these issues for this Honorable Court to review; as the Attorney General misstated these facts:

1) Trial counsels ineffectiveness for not admonishing the petitioner of the Right to Testify. [See: [PC pg. 3 Claim 2] See also: [PLA Pg. 8 Claim 1-A]

2) Trial counsels ineffectiveness for threatening to withdraw from the defense because the petitioner wanted to testify. See: [PC pg. 3 Claim 1] see also: [PLA pg. 9 Claim 1-B]

3) Trial courts abuse of discretion in using knowingly perjured testimony to convict the petitioner. See: [PC pg. 9 Claim 16,17]

The failure of appellate counsel to recognize constitutional deficiencies and bring them to the attention of the reviewing courts was inconsistent with effective assistance of appellate representation. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830 (1985), where appellate counsels performance

(9)

is objectively unreasonable and deficient the failure to raise issues on appeal will constitute 'cause an prejudice' Freeman v. Lane 962 F 2d 125 (7th Cir. 1991).

This petitioner contacted appellate counsel through letters and phone call repeatedly asking appellate counsel to pursue these issues and a 'Motion for a Reduction of Sentence'. The prejudice resulting from appellate counsels inaction has caused the petitioner to be denied life liberty and the pursuit of happiness for an extended period of time not supported by law.

The State courts decision to reject the petitioners claim of appellate counsels ineffectiveness is 'objectively unreasonable', as the petitioner has proven that appellate counsel failed to raise issues that are both obvious and clearly stronger than the single issue raised by appellate counsel. See discussions in: Martin v. Evans, 384 F. 3d 848, at 851 (7th Cir. 2004)

Therefore an evidentiary hearing is required so that this Honorable through years of vast experience in such matters can decide where the truth lies.

(10)

## THE ATTORNEY GENERALS ASSERTION THAT THE PETITIONERS CLAIM OF INEFFECTIVE ASSISTANCE OF POST CONVICTION COUNSEL IS NOT COGNIZABLE IS WRONG

Under the 14th Amendment of the U.S. Constitution, any counsel, once appointed is required to act in an appropriate manner. In this case counsel did not act in an appropriate manner and fight zealously for his client which violates Canon Rule (7) which dictates that a lawyer protect their client zealously and to the best of their ability with every option available. [See: PLA, claim 4]

The 14th Amendment of the U.S. Constitution requires Equal Protection of the petitioners 6th Amendment Rights to a Fair and Fundamental Trial making this a cognizable claim. Therefore this Honorable Court should grant an evidentiary hearing on this matter or any relief deemed appropriate.

(11)

## THE ATTORNEY GENERALS ASSERTION THAT THE PETITIONERS CLAIM OF NOT BEING ALLOWED TO TESTIFY AT HIS MOTION FOR A NEW TRIAL HEARING IS NOT COGNIZABLE IS WRONG

The Attorney General has determined the facts of this case in error as the 14th Amendment to the U.S. Constitutions Due Process clause gaurantees the petitioners Right to a Fair and Fundamental Trial. The Att. Gen. asserts that the petitioners claim of being denied the Right to Testify throughout the proceedings of his Pro Se 'Motion for a New Trial' is not cognizable under Federal Law.

However, the 14th Amendment of the U.S. Constitution prohibits 'Judicial Misconduct', and this denial of the petitioners 6th Amendment Rights and the state courts failure to address this specific claim in their written opinions prove that the state courts actions are 'objectively unreasonable'. See: [PC pgs. 10, 11, Claims 19, 20, 21, 22] See also: [Cicurt Courts Order of summary dismissal]

Therefore, an evidentiary hearing is required so that this Honorable Court through its years of vast experience in these matters can decide where the truth lies.

(12)

# CLAIMS NOT CHALLENGED BY THE ATTORNEY GENERAL

The petitioner must interpret, as well as this Honorable Court should that the Attorney Generals decision not to challenge obvious and clearly strong claims raised by the petitioner as a concession that these claims must succeed. The petitioner now points out these unchallenged claims for this Honorable Court to review:

1) The trial courts failure to admonish the petitioner that it added a three year Mandatory Supervised Release term (MSR) to the sentence imposed violated the petitioners 14th Amendment Right to Due Process and Fundamental Fairness under the U.S. Constitution. See [PLA pg. 15, Claim 3-C] Santobello v. New York 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433; Mabry v. Johnson, 467 U.S. 504, 509, 104 S.Ct. 2547, 81 L.Ed.2d 437, 443-44 (1984) Lane v. Lane v. Williams, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed 2d 508 (1982)

2) The circuit courts failure to address all of the claims in the petitioners post conviction petition violated his 14th Amendment Right to Due Process and Fundamental Fairness under U.S. Constitutional Law because the circuit court ordered a summary dismissal of the petitioners entire post conviction petition. See: [PLA pg. 13 Claim 3-A]

3) The trial courts use of knowingly perjured testimony by Detective Michael McDermott to convict the petitioner violated the petitioners 6th and 14th Amendment Rights to a Fair and Fundamental trial under U.S. Constitutional Law. See: [PC pg. 9 Claims 16, 17, 18-A]

(13)

4) The trial courts use of a knowingly tainted handwritten statement by Assistant States Attorney (ASA) James Navarre to convict the petitioner violated his 6th and 14th Amendment Rights to a Fair and Fundamental Trial under U.S. Constitutional Law. See: [PC pg. 9 Claim 18-A,B]

5) Trial counsels refusal to call interview, or even investigate the purported testimony of the petitioners co-defendant violated the petitioners 6th Amendment Right to effective assistance of counsel under U.S. Constitutional Law. See: [PC pg. 4 and 5 Claim 8-A,B,C]

6) The trial court violated the petitioners 14th Amendment Right to Due Process and Fundamental Fairness under U.S. Constitutional Law by adding ten (10) years to the sentence originally accepted in a plea deal, penalizing the petitioner for preserving his Right to Trial. See: [PC pg. 11 Claim 25] See also: [PLA pg. 17 Claim 3-D]

This Honorable Court in its years of vast experience in these matters recognizes that the Attorney Generals decision not to challenge these claims is a concession that these claims are accurate and evident Thus the petitioner requests that this Honorable Court grant an evidentiary hearing or any relief deemed appropriate.

(14)

## CONCLUSION

When the Attorney General argues that these facts do not apply to Constitutional Law, the petitioner strongly objects. The 6th Amendment to the United States Constitution strongly supports the petitioners Right to a Fair and Fundamental Trial. The 14th Amendment applies this fact to all states and their trials must be held with Due Process and Equal Protection under the Law. Every argument now before this Honorable Court is backed and surrounded by the 6th and 14th Amendments. Therefore all arguments must be adjudicated by this Honorable Court.

/s/ Hassan Butler
Hassan Butler
IDOC# K80816
Western Correctional Center
RR #4 BOX 196
Mt. Sterling Illinois. 62353

(15)

## AFFIDAVIT OF AFFIRMATION UNDER PENALTY OF PERJURY

I, Hassan Butler, affiant, do hereby declare and affirm under penalty of perjury as defined in 735 ILCS 5/1-109 that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of the foregoing documents are known to me and are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 19 day of August, 2008.

_____Hassan Butler_____
Affiant

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel., )
)
HASSAN BUTLER, Petitioner )   Case No. 08C3171
v. )
)
)
J.R. WALLS, Warden, )
Western Illinois Correctional Center )
)
Respondent

## PROOF/CERTIFICATE OF SERVICE

TO: Office Of Clerk of the U.S. District Court   TO: _____
United States Court House    (Prisoner Correspondence)
219 South Dearborn Street
Chicago, Ill. 60604

PLEASE TAKE NOTICE that on 8/19/, 20 08, I have filed with the U.S. Mail through the Western Correctional Center the following documents, properly addressed to the parties above: 1-original and 2-copies of my Response to the Att. Gen Answer to my Federal Habeas Corpu's.

I further declare, under penalty of perjury, that I am the Plaintiff in the above action, that I have read the above documents, and that the information contained therein is true and correct. 28 USC 1746 and 18 USC 1621.

DATE: 8-19-08

/s/ Hassan Butler
NAME: Hassan Butler
IDOC#: K80816
Western Correctional Center
P.O. BOX 196
Mt. sterling, IL 62353