UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel.,    )
HASSAN BUTLER,                       )
                                     )     Case No. 08 C 3171
            Petitioner,              )
                                     )     Judge John W. Darrah
      v.                             )
                                     )
J.R. WALLS, Warden,                  )
Western Illinois Correctional Center,)
                                     )
            Respondent.              )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Petition of Hassan Butler for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition for a writ of *habeas corpus* is denied.

## BACKGROUND

The background facts in Petitioner's case were fully set forth by the Illinois Court of Appeals in *People v. Hassan Butler*, Case No. 98 C 373 (Ill. App. Ct., 1st Dist., June 4, 2004) (Gallagher, J., presiding), and the post-conviction reviewing court in *People v. Hassan Butler*, No. 99 CR 00371-01, 00371-02, and 00371-03 (Cir. Ct. Cook Cty, Apr. 20, 2005).

During the early morning hours on November 26, 1997, Chicago Police Officer Willie Newton parked his car near his home. Officer Newton was in his plain street clothes, with his badge and gun concealed and without any visible indicia of his position as a Chicago Police Officer. Before Officer Newton could exit his vehicle, he was surprised by Petitioner, clad entirely in black, who had emerged from nearby bushes. Petitioner placed a gun to Officer Newton's head through the open driver-side door and demanded Officer Newton's money.

1

Officer Newton pleaded that he would comply so long as Petitioner allowed him to exit the car. Petitioner allowed Officer Newton to exit the car but kept the gun directed at Newton the entire time.

After Newton exited the car, Petitioner began going through Newton's pockets. Meanwhile, a red car drove up with its lights off. The red car stopped in such a way so as to trap Newton. The driver of the red car said nothing, and Petitioner proceeded to search Officer Newton's pockets. Officer Newton then reached into his jacket to get his gun, and Petitioner immediately told him to "show me your hands." Officer Newton then drew his gun and stated "Police." Separated only by one yard, Newton and Petitioner began firing at each other. Officer Newton was struck twice in the chest. Petitioner was also wounded. Officer Newton managed to find some cover behind a nearby car. Moments later, Newton looked up. Petitioner and the red car were both gone. Newton managed to contact the police and receive medical care.

Petitioner and the driver of the red car (later determined to be Calvin Brown) fled to a hospital in the area. Afraid of the repercussions of driving the wounded, bleeding Petitioner to the hospital, Petitioner left Brown's car a block from the hospital. Later, after recovering from his wounds Newton identified Petitioner from a photo array.

Petitioner and Brown were subsequently charged with attempted first-degree murder of a police officer, attempted first-degree murder, aggravated battery with a firearm, aggravated battery to a police officer, attempted armed robbery, and aggravated battery. Petitioner initially entered into a negotiated plea, agreeing to plead guilty in exchange for a total of forty-five years in prison (two concurrent sentences of ten years to run consecutive to a thirty-five-year sentence). Prior to sentencing, however, Petitioner moved to vacate his guilty plea. Later in the proceedings, Petitioner waived his right to a jury trial and proceeded to a bench trial. Following

2

a bench trial, the court found Petitioner guilty on all counts, observing that certain counts merged into others. In particular, the court found that Petitioner knew or should have known that Newton was a police officer. The court found that Petitioner's actions satisfied the aggravating factors under the attempt and sentencing statutes (720 ILCS 5/8-4(c)(1)(A) and 720 ILCS 5/9-1(b)(1), respectively). Accordingly, the court sentenced Petitioner to terms of forty-five years and ten years to run consecutively.

Petitioner appealed the court's ruling on the grounds that the State failed to prove the requisite components of his convictions. In particular, Petitioner claimed that the State failed to demonstrate beyond a reasonable doubt that he knew or should have known Officer Newton was a police officer due to the alleged inconsistency in Newton's statements. Citing *People v. Campbell*, 146 Ill.2d 363, 374 (1992), the appellate court rejected Petitioner's appeal, holding that the prosecution carried its burden and that the appellate court was loathe to disturb the trial court's credibility and factual determinations. Petitioner then sought leave to appeal to the Illinois Supreme Court, which was also denied.

Petitioner then began his collateral attack on his conviction, timely filing a post-conviction petition in the circuit court. Petitioner raised ineffective-assistance claims of both his trial and appellate counsel, as well as a judicial misconduct claim against the presiding trial judge. The post-conviction reviewing circuit court summarily denied the petition. The appellate court affirmed the circuit court's denial of the post-conviction petition. Petitioner's leave to appeal to the Illinois Supreme Court was also denied. Petitioner then filed this petition for writ of *habeas corpus*, raising five claims in total.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act (AEDPA) controls this Court's authority to grant *habeas corpus* relief. *Schriro v. Landrigan*, 127 S. Ct. 1933, 1939 (2007) (*Schriro*). The AEDPA requires federal *habeas* courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with "clear and convincing evidence." *Schriro*, 127 S. Ct. at 1939-40. A federal court will not grant *habeas corpus* relief on any claim adjudicated on the merits by a state court unless: (1) the state court applied federal law, as determined by the United States Supreme Court, unreasonably to the facts of the case; or (2) the state court's decision relied on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). This "unreasonable" standard is a high standard to meet; "unreasonable" means "something like lying well outside the boundaries of permissible differences of opinion." In other words, *habeas* relief should not be granted if the state-court decision can be said to be one of several equally plausible outcomes. *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003) (*Frank*).

Attacks on the sufficiency of the evidence in *habeas corpus* petitions are governed by the standard announced in *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (*Virginia*); *Adams v. Bertrand*, 453 F.3d 428, 432 (7th Cir., 2006) (*Adams*): the applicant is entitled to *habeas corpus* relief if it is found that upon the record evidence adduced at the trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. In making this determination, the court must view the evidence in the light most favorable to the conviction. *Adams*, 453 F.3d at 433.

4

Ineffective-assistance-of-counsel claims are governed by the standard announced in *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984) (*Strickland*); *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir., 2007) (*Daniels*). Under *Strickland*, the petitioner must prove two elements: (1) that his trial counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Moreover, when a petitioner alleges ineffective assistance of counsel in a *habeas* petition and the state court has previously analyzed the issue, the petitioner must do more than show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance; under § 2254(d)(1), it is not enough to convince a federal *habeas* court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, petitioner must show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002) (*Bell*).

A *habeas* petition raising ineffective-assistance-of-appellate-counsel claims are similarly governed by the *Strickland* framework and the Court's holding in *Bell*. *See Malinowski v. Smith*, 509 F.3d 328, 339 (7th Cir., 2007) (citing *Winters v. Miller*, 274 F.3d 1161 (7th Cir., 2001)) (*Malinowski*). An appellate attorney need not advance every argument urged by the petitioner in order to render effective assistance of appellate counsel. *Evitts v. Lucey*, 469 U.S. 387, 394 (*Evitts*); *Martin v. Evans*, 384 F.3d 848, 852 (7th Cir., 2004) (*Martin*).

## ANALYSIS

Petitioner's claims are: (1) insufficient evidence that Petitioner knew Newton was a police officer; (2) (a) ineffective assistance of trial counsel for failing to inform Petitioner of his right to testify and (b) failing to challenge the alleged vindictiveness of the trial judge during

5

sentencing; (3) ineffective assistance of appellate counsel for failing to challenge trial counsel's alleged ineffectiveness; (4) ineffectiveness of post-conviction counsel; and (5) denial of Petitioner's alleged right to testify at the hearing on his motion for a new trial. All of the Petitioner's arguments are insufficient to show a basis for *habeas* relief.

## Sufficiency of the Evidence

Petitioner first contends he is entitled to a writ because the evidence at trial failed to establish that he had the element of knowing his victim was a police officer for the crime of attempted murder of a police officer, which resulted in his receiving an enhanced sentence. As stated above, the trial court, sitting as the trier of fact, found that the prosecution had carried its burden of demonstrating that element of the crime and, therefore, established that Petitioner had the requisite mental state. The appellate court, using the standard of review for sufficiency of the evidence found in *People v. Campbell*, 146 Ill.2d 363 (which itself quoted the U.S. Supreme Court's teachings from *Virginia*, 443 U.S. at 307, verbatim), held that the evidence was sufficient and affirmed the conviction. This Court cannot disturb the appellate court's ruling on the sufficiency claim unless the appellate court's application of the *Virginia* rule was unreasonable. 28 U.S.C. 2254(d); *Adams*, 453 F.3d at 432.

In order to commit attempted murder of a police officer, the prosecution needed to prove

that Petitioner violated 720 ILCS 5/8-4(c)(1)(A)[1] and 720 ILCS 5/9-1(b)(1).[2] Here, Officer

Newton testified that he informed Petitioner he was a police officer. This testimony is sufficient

to demonstrate Petitioner knew Newton was a police officer. The trial court found that Officer

Newton made his position and office clear enough to Petitioner, such that Petitioner knowingly

continued shooting to kill him. The appellate court found that the trial court's ruling was

sufficient to affirm the verdict. In light of the record, the appellate court did not unreasonably

apply *Virginia*.

*Ineffective Trial Counsel*

Failure to Inform Petitioner of His Right to Testify

While a defendant's right to testify is fundamental, *see generally Rock v. Arkansas*, 483

U.S. 44 (1987) (*Rock*), a documented or recorded waiver of that right is not required. *Liegakos*

*v. Cooke*, 106 F.3d 1381, 1385-86 (7th Cir., 1997) (*Liegakos*). A state judge's factual finding as

to whether or not the petitioner made an informed decision on his right to testify, following an

---

[1]720 ILCS 5/8-4(c)(1)(A) provides in pertinent part:
(c) Sentence.
A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but, except for an attempt to commit the offense defined in Section 33A-2 of this Act,

> (1) the sentence for attempt to commit first degree murder is the sentence for a Class X felony, except that
> > (A) an attempt to commit first degree murder when at least one of the aggravating factors specified in paragraphs (1), (2) and (12) of subsection (b) of Section 9-1 is present is a Class X felony for which the sentence shall be a term of imprisonment of not less than 20 years and not more than 80 years;

[2] 720 ILCS 5/9-1(b)(1) provides in pertinent part:
(b) Aggravating Factors. A defendant who at the time of the commission of the offense has attained the age of 18 or more and who has been found guilty of first degree murder may be sentenced to death if:

> (1) the murdered individual was a peace officer or fireman killed in the course of performing his official duties, to prevent the performance of his official duties, or in retaliation for performing his official duties, and the defendant knew or should have known that the murdered individual was a peace officer or fireman.

evidentiary hearing, may not be disturbed by this Court without clear and convincing evidence from the petitioner. 28 U.S.C. § 2254(e)(1).

Petitioner contends that his trial counsel was ineffective for failing to inform him of his right to testify. However, the post-conviction court denied this claim, holding that without some affirmative action on the part of trial counsel to frustrate Petitioner's desire to testify, there was no cognizable claim on either prong of the *Strickland* test. *See* Post-Conviction Order at 6. ("[P]etitioner simply contends that trial counsel advised him not [to] testify. Nowhere does petitioner allege nor is there any evidence that trial counsel refused to let petitioner testify upon a contemporaneous assertion by petitioner of that right.").

The post-conviction court's application of the *Strickland* test[3] was reasonable. The post-conviction court relied upon *People v. Thompkins*, 161 Ill.2d 148 (1994), for the proposition that a petitioner, alleging a denial of his right to testify, must have tried to affirmatively assert that right and must have been frustrated by his counselor in trying to present his testimony, in finding that Petitioner neither attempted to raise the right nor was frustrated by trial counsel's advice that he probably should not testify. Post-Conviction Order, at 5. This rule is consistent with controlling federal precedent.[4] Trial counsel's admonition that the Petitioner should not testify was nothing more than his reasoned judgment given the surrounding circumstances in the case and did not rise to an active frustration of the Petitioner's right to testify.

Moreover, in order for this Court to disturb the state court's holding that Petitioner was denied his right to testify, Petitioner needed to present clear and convincing evidence that he was actively denied the ability to testify. *See* 28 U.S.C. § 2254(e)(1). The only evidence Petitioner

---

[3] That the trial counselor's action in informing the petitioner of the likely negative effect of his testimony was neither objectively unreasonable nor prejudicial.

[4] *See U.S. v. Stark*, 507 F.3d 512, 516 (7th Cir., 2007) (*Stark*) ("the Constitution does not require a trial court to question a defendant *sua sponte* in order to ensure that his decision not to testify was undertaken knowingly and intelligently unless there is some indication that the defendant has been prevented from exercising that right.").

points to is when trial counsel threatened to withdraw from the case if he testified by saying,

"[i]f you want to testify, you're on your own." Pet. at 3. The Petitioner then claims, in the

subsequent paragraph, that he was never informed of his right to testify. However, Petitioner's

own assertions indicate that he was aware of his right to testify.[5]

Here, Petitioner fails to present even a colorable claim of frustration of his right to testify.

Without this frustration, Petitioner fails to present the requisite clear and convincing evidence of

ineffectiveness on the part of Petitioner's counsel in allegedly denying him the right to testify;

without the ineffectiveness, there can be no *Strickland* claim. In light of these facts, the post-

conviction court's application of *Strickland* was not unreasonable and, therefore, cannot be

disturbed.

### Failure to Challenge the Trial Court's Vindictiveness

The fact that the Petitioner received a heavier sentence after trial than had been offered

during a plea bargain is irrelevant on its own and does nothing to color a claim of judicial

misconduct or judicial vindictiveness. *Alabama v. Smith*, 490 U.S. 794, 795 (1989) ("no

presumption of vindictiveness arises when the first sentence was based upon a guilty plea, and

the second sentence follows a trial.") (*Alabama*). When a greater penalty is imposed after trial

than was imposed after a prior guilty plea, the increase in sentence is not more likely than not

attributable to the vindictiveness of the sentencing judge. *Alabama*, 490 U.S. at 801. Even when

the same judge imposes both sentences, the relevant sentencing information available to the

judge after the plea usually will be considerably less than that available after a trial. *Alabama*,

490 U.S. at 801.

---

[5]The state court found, as a factual matter, that counsel appropriately advised Petitioner about his right to testify. *See* Resp. Ex. O, at 425-36.

Petitioner claims that his trial counsel was also ineffective in the post-trial sentencing. In particular, Petitioner claims that his counsel was ineffective in failing to object to the testimony of two witnesses in aggravation and that his counsel should have challenged the sentence he received, which was heavier than the sentence that had been offered in his withdrawn plea agreement. Petitioner claimed that these instances illustrate evidence of the trial court's vindictiveness. Both claims are frivolous. The record[6], as well as the court's discussion of the case law regarding the appropriateness of heavier sentences for defendants who decide to proceed to trial, *see Alabama*, 490 U.S. at 801, dispels any claim of vindictiveness and, therefore, any claim of ineffectiveness of counsel.

### Ineffective Appellate Counsel

Petitioner claims that he was denied effective assistance of appellate counsel on the grounds that his appellate counsel refused to raise any issues besides a sufficiency-of-the evidence claim in his direct appeal. The post-conviction court found that "[b]ecause trial counsel's representation was adequate, petitioner has no claim against appellate counsel."

In order to be considered "unreasonable," the reviewing court's decision must be "something lying well outside the boundaries of permissible differences of opinion." *Frank*, 348 F.3d at 662 (*Frank*). *Habeas* relief should not be granted if the state-court decision can be said to be one of several equally plausible outcomes. *Frank*, 348 F.3d at 662. The effectiveness of Petitioner's trial counsel, as well as the Petitioner's own claims in his petition, led to the post-conviction review court to find that such effectiveness precluded the Petitioner's challenge of his appellate counsel for failing to raise sufficient claims. *See also, Evitts v. Lucey*, 469 U.S. 387, 394 (holding that an appellate attorney need not advance every argument urged by the petitioner

---

[6] Exhibit FF, pp. 37-41, demonstrates the trial judge articulated the reasons and cited the evidence (including new evidence that had come to light after the guilty plea) in aggravation and mitigation.

in order to render effective assistance of counsel). This is not an unreasonable or "contrary to" finding and, therefore, is denied.

*Ineffectiveness of Post-Conviction Counsel*

Ineffective assistance of post-conviction counsel, and being barred from testifying at a motion for a new trial, like all exclusive state-supported claims, is not cognizable in a *habeas* petition. *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); *Perruquet v. Briley*, 390 F.3d 505, 511, 513 (7th Cir., 2004) (*Perruquet*); *Steward v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir., 1996) (*Steward*).

Petitioner claims that his post-conviction counsel failed to provide any assistance in his *pro se* post-conviction petition cases. The Supreme Court has held, "[t]here is no constitutional right to an attorney in state post-conviction proceedings . . . consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (*Coleman*). Accordingly, this claim is not cognizable under a petition for *habeas corpus*.

*Barring from Testifying at Motion for a New Trial*

Finally, Petitioner seeks a writ on the ground that he was denied the right to testify at the hearing on his motion for a new trial. However, the right of a convicted defendant to have a motion for a new trial is a matter of state law and, therefore, is not cognizable in a *habeas corpus* petition. *See Finley v. Pennsylvania*, 481 U.S. 551, 557 (1987); and 725 ILCS 5/116-1 "Motion for a New Trial." Petitioner's ability to testify at such a hearing is then, by definition, also state-based and therefore unreviewable in this court. *See Bullock v. Jackson*, 2008 WL 4921355 at *10 (S.D. Ohio, Aug. 26, 2008) (citing *Sparman v. Edwards*, 26 F.Supp.2d 450, 468 n.13

(E.D.N.Y., 1997) ("[T]he weight of authority holds that in *habeas corpus* proceedings federal courts do not have jurisdiction to review state court denials of motions for a new trial").

Even if Petitioner did have a *federal* right to testify at his state-law-based motion for a new trial, the record indicates that Petitioner was given numerous opportunities to voice any grievances he had or issues he wanted to raise at the hearing on his motion for a new trial. Therefore, Petitioner was not barred from testifying.

## CONCLUSION

For the reasons stated above, the Petition for a Writ of *Habeas Corpus* is denied.

Date: _June 18, 2009_

JOHN W. DARRAH
United States District Court Judge